UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO.: 1:20-CR-85-TSB |
| Plaintiff, | : | |
| v. | : | JUDGE BLACK |
| MASON MEYER, et al., | : | **PROTECTIVE ORDER** |
| Defendants. | : | |

THIS MATTER having come before the Court on the motion of the United States of America, by and through its undersigned counsel, and the Court having found that entering a Protective Order regarding discovery materials is appropriate, and for good cause shown,

IT IS on the below date **ORDERED** as follows:

1. The United States intends to produce discovery materials in this case that contain, among other things, recorded calls, text messages—pursuant to a court authorized wiretap—witness reports, and various electronic records.

2. The discovery materials produced by the United States may be used by the defendant(s), their attorney(s), and members of the defense team solely in the defense of this case and for no other purpose and in connection with no other proceeding.

3. Such discovery materials and their contents, and any notes or other record of such materials or their contents, should not be disclosed either directly or indirectly to any person or entity other than the defendant and defendants; counsel, persons employed to assist in the defense, independent expert witnesses, investigators or expert advisors retained pursuant to a written retainer agreement in connection with this action, or such other persons as to whom the Court may authorize disclosure upon the defendant's motion.

4. The discovery material produced by the United States will not be copied or reproduced unless they are copied or reproduced for authorized persons to assist in the defense, and in that event, the copies should be treated in the same manner as the original material.

5. When providing the discovery materials to an authorized person, defendants' counsel must inform the authorized person that the materials are provided subject to the terms of this Protective Order and that the authorized person must comply with the terms of this Protective Order. Authorized persons shall sign the acknowledgment attached to this Order in the presence of defense counsel, indicating that they have received and reviewed the terms of this Order and understand that they are bound by it before being provided with, shown, or read the contents of any materials produced pursuant to terms of this Order.

6. Defendants' counsel will inform the defendant of the provisions of this Protective Order, and direct him or her not to disclose or use any information contained in the Government's discovery in violation of this Protective Order. However, nothing contained in the Protective Order will preclude any party from applying to the Court for further relief or for modification of any provision hereof.

7. Confidential information disclosed to defense counsel during the course of proceedings in this action shall remain in the custody of defense counsel and shall not be copied, reproduced, or disseminated, except to independent expert witnesses retained pursuant to a written retainer agreement in connection with this case. At the conclusion of this matter to include the conclusion of any post-conviction remedy, such material shall either be returned to the Government or shredded and destroyed in a method approved by the parties or the Court. This matter will be concluded upon expiration of the period for direct appeal from any verdict in the above-captioned case, the period of direct appeal from any order dismissing any of the charges in the above-captioned case, or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is latest.

8.    Defense counsel will not attach any materials produced pursuant to this Order to any public filings with the Court or publicly disclose any such materials or their contents in any other manner, without prior notice to the United States. If defense counsel and the United States cannot agree on the manner in which the materials or their contents may be publicly disclosed, the parties shall seek resolution of such disagreements by the Court.

9.    If any dispute should arise between the parties to this action as to whether any documents, materials, or other information are subject to the provisions of this Order, such documents, materials, and information shall be considered covered by this Order pending further direction by this Court.

10.   The provisions of this Order shall not be construed as preventing the disclosure of any information in connection with any motion, hearing, or trial held in this action or to any district or magistrate judge of this Court for purposes of this action, provided that the request for such disclosure is made under seal so that reasonable efforts can be made to ensure that such disclosure does not violate the Protective Order.

**SO ORDERED.**

_____          _____
DATE                                                                    HON. TIMOTHY S. BLACK
                                                                        UNITED STATES DISTRICT JUDGE