FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| *Plaintiff*, | : Case No. 1:20-cr-85 |
| vs. | : Judge Jeffery P. Hopkins |
| RYAN ANDREW HASKAMP (3), and | : |
| WILLIAM JENKINS (4), | : |
| *Defendants.* | : |

## PRELIMINARY ORDER OF FORFEITURE

Upon the United States' Motion for Preliminary Order of Forfeiture and the Court's review of the evidence in the record, including the Plea Agreements, the Court HEREBY FINDS THAT:

On July 14, 2021, a grand jury in the Southern District of Ohio returned an eighteen-count Second Superseding Indictment charging defendants Ryan Andrew Haskamp ("Haskamp") and William Jenkins ("Jenkins") in Count 1 with Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; among other offenses. (Doc. 163).

A forfeiture allegation in the Second Superseding Indictment provided notice to the defendants that the United States would seek the forfeiture, pursuant to 21 U.S.C. § 853(a), of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, including but not limited to the

following (the "subject property"):

- $7,089.00 in United States currency; and
- $3,503.00 in United States currency.

(*Id.*)

Defendant Jenkins entered into a Plea Agreement with the United States in which Jenkins agreed to plead guilty to Count 1 of the Second Superseding Indictment and agreed to the immediate forfeiture of the subject property, pursuant to 21 U.S.C. § 853(a), as proceeds of the violation charged in Count 1 of the Second Superseding Indictment and/or property that facilitated such violation. (Doc. 312). Jenkins entered a plea of guilty to Count 1 of the Second Superseding Indictment on May 30, 2023. (Minute Entry 05/30/2023).

Defendant Haskamp entered into a Plea Agreement with the United States in which Haskamp agreed to plead guilty to Count 1 of the Second Superseding Indictment, among other offenses and agreed to the immediate forfeiture of the subject property, pursuant to 21 U.S.C. § 853(a), as proceeds of the violation charged in Count 1 of the Second Superseding Indictment and/or property that facilitated such violation. (Doc. 461). Haskamp entered a plea of guilty to Count 1 of the Second Superseding Indictment on September 24, 2024. (Minute Entry 09/24/2024).

The subject property is forfeitable, pursuant to 21 U.S.C. § 853(a), as proceeds of the violation charged in Count 1 of the Second Superseding Indictment and/or property that facilitated such violation. The defendants had an interest in the subject property.

The United States has established the requisite nexus between the subject property and the offense to which the defendants have pled guilty.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. All right, title, and interest in the subject property is condemned and forfeited to the United States pursuant to 21 U.S.C. § 853(a).

2. The United States is authorized to seize the subject property, pursuant to 21 U.S.C. § 853(g) and Fed. R. Crim. P. 32.2(b)(3), whether held by the defendants or a third party; conduct any discovery for identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third party rights.

3. In accordance with the direction provided by the Attorney General and Fed. R. Crim. P. 32.2(b)(6), the United States shall publish notice of this Order and send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding. Publication must take place as described in Supplemental Rule G(4)(a)(iii) of the Federal Rules of Civil Procedure and may be by any means described in Supplemental Rule G(4)(a)(iv). Publication is unnecessary if any exception in Supplemental Rule G(4)(a)(i) applies.

4. The notice must describe the forfeited property, state the times under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition. The notice may be sent in accordance with Supplemental Rules G(4)(b)(iii)-(v).

5. Pursuant to 21 U.S.C. § 853(n)(2), any person, other than the defendants, asserting a legal interest in the subject property, who wishes to contest the forfeiture of the subject property must, within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier, file a petition in the United States District Court for the Southern District of Ohio for a hearing to adjudicate the validity of the alleged legal interest

in the subject property.

6. Any petition filed by a third party shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; any additional facts supporting the petitioner's claim; and the relief sought.

7. The United States shall have clear title to the subject property following the Court's disposition of all third party interests, or if no third party petitions are timely filed, following the expiration of the period provided by statute for the filing of third party petitions.

8. In accordance with their Plea Agreements, this Preliminary Order of Forfeiture is final as to the defendants and shall be made part of their sentences and included in their judgments. This Order remains preliminary as to third parties until the ancillary proceeding is concluded.

**IT IS SO ORDERED.**

October 7, 2024

Jeffery P. Hopkins
United States District Judge